1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9   INTERCHANGE BROKERS &                    No.
    ASSOCIATES, a Texas  limited liability
10  company                                  **COMPLAINT**

11             Plaintiff,

12       v.

13  THE INTERCHANGE BROKERAGE
    COMPANY, INC., a Washington
14  corporation, DAVID TONEY, a
    Washington resident, HONOHAN AND
15  ASSOCIATES, INC., a Texas corporation,
    TODD HONOHAN, a Texas resident, and
16  KIM RAGER, a Texas resident

17             Defendants

18

19        Plaintiff Interchange Brokers & Associates, LLC ("IBA") files this Complaint against

20   Defendants The Interchange Brokerage Company, Inc. ("TIBC"), David Toney ("Toney"),

21   Honohan and Associates, Inc. ("Honohan, Inc."), Todd Honohan ("Honohan") and Kim Rager

22   ("Rager").

23        Honohan, Inc. and Honohan are collectively referred to herein as the "Honohan

24   Defendants."  Defendants TIBC, Toney, Rager and the Honohan Defendants are collectively

25   referred to herein as "Defendants."

26   / / /

COMPLAINT - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

## I.     NATURE OF THE ACTION

1.     Central to this dispute is Defendants' scheme to covertly and willfully destroy Plaintiff's business including: (1) while Defendant TIBC and Plaintiff were in a contractual relationship; (2) while Defendant Honohan, Inc. co-owned Plaintiff IBA; and (3) while, and after, Defendants Rager and Honohan were key employees and/or agents for Plaintiff IBA, with concomitant fiduciary duties.

2.     Plaintiff seeks relief against Defendant TIBC for breaches of contract, breaches of the implied covenant of good faith and fair dealing and in quantum meruit.  Defendant Honohan, Inc. and Rager are being sued for breaches of fiduciary duties and duty of loyalty, and tortious interference with actual/prospective business relations.   All defendants are being sued for conspiracy, fraudulent and negligent misrepresentations, conversion, unjust enrichment, unfair competition, violation of the Washington Consumer Protection Act and computer related misconduct, including under the federal Computer Fraud and Abuse Act.  Plaintiff IBA also seeks a constructive trust and an accounting against Defendants.

## II.     THE PARTIES

3.     Plaintiff IBA is a Texas limited liability company.   IBA is 75% owned by Compton Holdings, Inc. (an entity that is wholly owned by Paul Compton) and 25% owned by Defendant Honohan, Inc. (an entity that is wholly owned by Defendant Honohan).

4.     Defendant TIBC is a Washington State Corporation with its principal place of business in King County Washington and this judicial district.  Defendant TIBC is owned, operated and controlled by Defendant Toney, who also works and resides in this judicial district.

5.     Defendant Honohan, Inc. is a Texas corporation owned and operated by defendant Honohan.  Honohan, Inc. is co-owner, and Honohan a high-level representative, of Plaintiff IBA.

6.     Defendant Rager is a Texas resident.  Defendant Rager worked and acted as an agent for Plaintiff IBA.  Rager is now acting on behalf of, employed by, and/or in a business relationship with Defendant TIBC.

COMPLAINT - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

### III.   JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because relief is sought under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims under Washington or any other state law.

8.      The Court has personal jurisdiction over the parties.

(a)      A substantial part of the events giving rise to the claims in the Complaint occurred in this judicial district;

(b)      Defendants TIBC and Toney reside in this judicial district;

(c)      All defendants have had contact with, and conducted business in, this judicial district;

(d)      All defendants have caused tortious and/or contractual damages to Plaintiff by acts or omissions in this judicial district; and

(e)      A contract at issue between Plaintiff IBA and Defendant TIBC authorizes jurisdiction in this judicial district.

### IV.   FACTS

**A.      THE INDEPENDENT CONTRACTOR AGREEMENT.**

9.      At all relevant times herein, Paul Compton has been Plaintiff IBA's General Manager and has had overall responsibility for IBA's operations.

10.      Defendants Honohan and Rager worked on IBA's day-to-day operations and administration.  At all times, Honohan, Inc. operated through and by its owner and operator, Defendant Honohan.

11.      On or about May 20, 2009, another entity owned primarily by Paul Compton, using the dba ISO Solutions, entered into a written "Independent Contractor Agreement For Sales People" (the "Independent Contractor Agreement") with Defendant TIBC.

/ / /

COMPLAINT - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    12.    Plaintiff IBA was formed in June of 2009 in order to do all of the business
2    referenced above with Defendant TIBC, and IBA began to do business with TIBC pursuant to
3    the Independent Contractor Agreement.  Since that time, IBA has had its business relationship
4    with TIBC.

5    13.    The purpose of the Independent Contractor Agreement was originally for IBA to
6    perform sales and electronic office systems implementation and operations for TIBC related to
7    the merchant credit card processing industry.  The relationship between TIBC and IBA grew to
8    include other business opportunities, and was amended by practice to include related functions.

9    14.    Defendant Rager performed most of IBA's administrative functions and, on
10   behalf of IBA, worked directly with TIBC and its owner Toney, often on a daily basis.

11   15.    The Honohan Defendants performed operational and other functions for IBA and,
12   on behalf of IBA, including working directly with TIBC and its owner Toney on an often daily
13   basis.

14   16.    Pursuant to the Independent Contractor Agreement and the parties' practice,
15   Defendant TIBC is obligated to compensate Plaintiff IBA for services rendered, including post-
16   term residual payments for all such services.  The services for which TIBC must compensate
17   IBA include, without limitation, a percentage of any savings gained by merchants on new credit
18   card processing fees negotiated or otherwise obtained, or initiated, by IBA's efforts. After a
19   merchant-TIBC split of the cost savings, IBA is owed up to approximately 45% of the TIBC
20   share of the merchant-TIBC savings split, with residual payments for the life of the merchant-
21   TIBC relationship owed to IBA after contract termination.  The fee arrangement reflects, among
22   other things, sales-related services, operations support for TIBC, and human resources support
23   for TIBC.   This includes for any such services performed by any of IBA's employees,
24   contractors, agents or representatives, including any signed up directly into TIBC and
25   functioning through TIBC's CRM database system, the Honohan Defendants or Defendant
26   Rager.

COMPLAINT - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

**B.      THE FRS DEAL.**

17.      Financial Recovery Services, Inc., also referred to by Defendant's Toney and TIBC to Plaintiff and others as Financial Recovery Stragies, enrolls retail merchants and other entities as class members in a class action antitrust lawsuit accusing, among others, Visa and MasterCard of fixing fees for processing credit card and debit card payments and prohibiting stores from steering their customers toward use of lower-cost payment instruments that would result in lower cost fees to the class members (the "Merchant Class Action").   Financial Recovery Services and Financial Recovery Strategies are referred to herein as "FRS."  Based upon its status as a third-party claim filing firm, FRS is to receive a percentage of the Plaintiff' attorneys' ultimate fee award.

18.      The FRS Contract, if not deemed a part of the Independent Contractor Agreement (including its residual clause), is alternatively a separate written or oral contract between Plaintiff IBA and Defendant TIBC.

19.      Toney approached Paul Compton and solicited Plaintiff IBA in writing with the opportunity to participate as an agent for defendant TIBC in the FRS/Merchant Class Action venture, stating it was a 'goldmine,' and that "with our combined contacts we should be able to carve out a nice chunk of the 7.25 Billion - NO?"   Toney further told Paul Compton and IBA that "we need to act fast....... Lets (sic) you and I partner on some and kick some butt!!!!"

20.      Due to Defendant' Toney's and TIBC's solicitations and representations to Paul Compton, Plaintiff IBA began to commit resources to enrolling class action members for TIBC in the Merchant Class Action, and continued to do so for the remainder of their relationship.

21.      Pursuant to this agreement, IBA enrolled, through TIBC and on behalf of FRS, class members for the Merchant Class Action, using a code that Mr. Toney and TIBC knew about.  At all relevant times, Defendants were aware of, acquiesced and/or consented to that code being used by IBA, including, without limitation, Paul Compton, to enroll class members.  This is evidenced by, *inter alia,* email exchanges, conversations, and the course of conduct during

COMPLAINT - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    which IBA (by Paul Compton, Defendant Honohan and, administratively, Defendant Rager)

2    enrolled class members through TIBC for FRS.  All of this was done with Defendants Toney's

3    and TIBC's knowledge and consent.

4         22.     For these services rendered by IBA related to the FRS Contract, IBA was

5    promised to be compensated by TIBC with an equal split between TIBC and IBA of all monies

6    realized by TIBC consequent to the court-approved settlement of the Merchant Class Action.

7         23.     Beginning in or about November of 2012 through the termination of their

8    relationship in May of 2014, Plaintiff IBA expended significant time and resources performing

9    services for TIBC related to the FRS Contract.

10   **C.     DEFENDANTS' SCHEME TO DESTROY IBA.**

11        24.     Plaintiff IBA took over performance of the Independent Contractor Agreement

12   with Defendant TIBC sometime in early June of 2009 from Compton, Compton & Honohan

13   Enterprises, LLC ("CC&H").

14        25.     At all relevant times herein and until she was terminated from CC&H in April of

15   2014, Defendant Rager was responsible for performing CC&H's administrative functions related

16   to customers and she was supposed to serve as an administrative focal point of customer contact.

17        26.     In and about October of 2013, a major customer informed Paul Compton and

18   Defendant Rager that it was extremely dissatisfied with Rager's performance and customer

19   service, stating that it intended to move all of its sales representatives from CC&H's Austin,

20   Texas office to another location outside of Texas.

21        27.     For the next several months, Defendants conspired amongst themselves to steal

22   Plaintiff IBA's business by cutting Plaintiff IBA, and specifically Paul Compton and Compton

23   Holdings, Inc., out of the Independent Contractor Agreement and the FRS Contract, with an

24   approved settlement of the Merchant Class Action, and resultant payday to IBA and TIBC, more

25   closely approaching.

26   / / /

COMPLAINT - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    28.    Untold and unbeknownst to Paul Compton, on or about November 5, 2013,

2    Defendant Toney traveled from Seattle to Austin, Texas in order to meet alone with Defendants

3    Honohan and Rager for a meeting excluding Paul Compton.

4    29.    Paul Compton subsequently learned about the clandestine meeting between

5    Defendants, but was misled by Defendants Honohan's and Rager's false representations about

6    the meeting, their purported loyalty to him and IBA, and that all was well between IBA and

7    TIBC.   Based on her purported loyalty, Paul Compton offered Defendant Rager a 7.5%

8    ownership in IBA.  In response, Defendant Rager feigned being pleased and represented as if she

9    would become an IBA partner.  Defendant Rager never formally accepted, or signed paperwork

10   for, a partnership or ownership interest with IBA.

11   30.    Defendants Rager and Honohan instead, with the knowledge and direction of

12   Defendants Toney and TIBC, began downloading, copying and/or printing IBA documents

13   related to the FRS Contract and/or IBA's services under the Independent Contractor Agreement,

14   and also began deleting documents from IBA's systems and laptop computers.  In January of

15   2014, Defendant Rager stopped running her CC&H Gmail account through IBA's email software

16   so as to avoid any ability of IBA or Paul Compton to monitor her work-related email.  Defendant

17   Rager also created a private email account and emailed herself such documents before deleting

18   them.

19   31.    In the late fall of 2013, Defendant Rager began working erratic, shorter office

20   hours.  When Paul Compton asked her why, she assured him that all was fine between them and

21   that she was simply taking a class and was working late nights at home for Plaintiff IBA.

22   32.    In late March of 2014, Paul Compton prospected a credit card representative who,

23   on information and belief, was the agent for many merchants who would be interested in signing

24   up for the Merchant Class Action.   Paul Compton began the process of involving this

25   representative in the process of signing up potential plaintiffs for the Merchant Class Action.

26   Defendant TIBC, by Toney, falsely feigned surprise about Paul Compton signing up class

COMPLAINT - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1   members for the Merchant Class Action using a code that Toney himself had condoned being

2   used by IBA representatives in the past.  All Defendants had in the past specifically encouraged

3   and condoned that this be done by Paul Compton in the parties' course of enrolling merchants to

4   participate in the Merchant Class Action.

5         33.    On or about April 3, 2014, Paul Compton learned that CC&H's customer was

6   again upset with defendant Rager because, contrary to her representations to Paul Compton about

7   completing her work duties and all being well, she had not performed her responsibilities to the

8   customer on an important project over the past few months.  The customer demanded that Paul

9   Compton remove Rager from its account.  That in turn meant that she would have no work at all

10   to do for CC&H.  Accordingly, Paul Compton terminated Rager from CC&H.  When Paul

11   Compton went to find Defendant Rager that day to tell her about this and remind her that she still

12   had an offer to be a 7.5% owner of IBA pending, he discovered that she had already quit and

13   cleared out her office.

14         34.    After Defendant Rager departed, Plaintiff discovered that she had deleted data

15   related to TIBC from her work computers and IBA's servers (including, but not limited to, all

16   information related to merchants enrolled in the Merchant Class Action), removed many of

17   IBA's files related to TIBC, had changed some of IBA's passwords, and had deleted her entire

18   user profile on her desktop computer.  Defendant Rager is also refusing to allow Plaintiff IBA

19   and Paul Compton access to a Gmail account that she used for IBA business. The combined

20   effect of these actions was to lock IBA out of access to information, including electronic records

21   and a database containing the names and information of merchants whom IBA had acquired for

22   TIBC and enrolled for the Merchant Class Action.

23         35.    On or about April 3, 2014, Defendant Toney contacted Paul Compton, referred to

24   Defendant Rager as his employee ("my employee"), expressed feigned outrage that Paul

25   Compton had relieved Defendant Rager from her duties related to CC&H's customer, locked

26   IBA and Paul Compton out of all access to TIBC's CRM database, and told Paul Compton he

COMPLAINT - 8

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    would "not renew" the Independent Contractor Agreement, and that it would expire on May 20,

2    2014.

3        36.    On April 7, in a recorded video meeting unattended by Paul Compton, defendant

4    Toney repeated that the Independent Contractor Agreement would lapse on May 20, 2014 and

5    not be renewed, and that Paul Compton was "suspended" from performing services for

6    Defendant TIBC until then.  Defendants Toney and Honohan proceeded to discuss how TIBC

7    and Honohan might work together, and Toney told Honohan he would be happy if Honohan

8    applied to TIBC.

9        37.    Also on or about April 7, 2014, Honohan deleted all of the data on the IBA

10   computer he used for IBA-TIBC business, restoring it to its factory settings.  Honohan thereafter

11   returned the IBA computer to IBA without even a word about the deletion or restoration.

12       38.    The Honohan Defendants and Rager have continued to support and assist

13   Defendants Toney and TIBC, to the detriment of Plaintiff IBA.

14       39.    After her employment with Plaintiff ended, Defendant Rager accessed, and/or

15   attempted to access, Plaintiff IBA's computer systems and continued to unlawfully download

16   and delete information.

17       40.    Defendant TIBC did not renew the Independent Contractor Agreement when it

18   ran its initial term's course on May 20, 2014.

19       41.    Defendants Toney and TIBC have failed to pay Plaintiff IBA for amounts earned

20   under the Independent Contractor Agreement, have repudiated their obligation to pay residual

21   payments, and have repudiated on their obligation to pay Plaintiff IBA for its performance in

22   enrolling class action members in the Merchant Class Action.

23       42.    As a result of the widespread deletion of data and computer misconduct by the

24   Honohan Defendants and Defendant Rager, IBA has been forced to hire third party computer

25   forensic consultants to attempt to restore the deleted data.  Much of the foregoing data is

26   unrecoverable, resulting in a permanent deprivation of IBA's data.

COMPLAINT - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1       **V.      CLAIMS FOR RELIEF**

2       **COUNT I (AGAINST TIBC ONLY)**
        **BREACH OF THE INDEPENDENT CONTRACTOR AGREEMENT**
3

4       43.     IBA incorporates by reference all of the foregoing allegations.

5       44.     Plaintiff complied with all of their obligations under the Independent Contractor

6    Agreement, including, without limitation, to the extent it includes all matters pertaining to

7    enrolling class action members for defendant TIBC, via FRS, for the Merchant Class Action.

8       45.     TIBC breached, and interfered with Plaintiff' ability to perform under, the

9    Independent Contractor Agreement.  As a result of TIBC's interference and breach, Plaintiff has

10   suffered, and will continue to suffer, damages in an amount to be proven at trial.

11      **COUNT II (AGAINST TIBC ONLY)**
        **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
12      **IN THE INDEPENDENT CONTRACTOR AGREEMENT**

13      46.     IBA incorporates by reference all of the foregoing allegations.

14      47.     Under Washington law, there is an implied covenant of good faith and fair dealing

15   between parties to an enforceable agreement.

16      48.     By the acts complained of above, TIBC breached the covenant of good faith and

17   fair dealing in the Independent Contractor Agreement.   As a result, Plaintiff has suffered

18   monetary damages in an amount to be proven at trial.

19
        **COUNT III (AGAINST TIBC ONLY)**
        **BREACH OF THE TIBC/IBA FRS CONTRACT**
20

21      49.     IBA incorporates by reference all of the foregoing allegations.

22      50.     Plaintiff IBA complied with all of its obligations related to enrolling class action

23   members for Defendant TIBC, via FRS, for the Merchant Class Action.

24      51.     TIBC breached the FRS Contract by interfering with Plaintiff IBA's ability to

25   perform under it, and breaching it in a scheme to avoid paying IBA amounts that will be owed

26   under the FRS Contract once the Merchant Class Action settlement is approved.

COMPLAINT - 10

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    52.    As a result of TIBC's breach, Plaintiff has suffered, and will continue to suffer,

2    damages in an amount to be proven at trial.

**COUNT IV (AGAINST TIBC)**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**IN THE FRS CONTRACT**

5    53.    IBA incorporates by reference all of the foregoing allegations.

6    54.    Under Washington law, there is an implied covenant of good faith and fair dealing

7    between parties to an enforceable agreement.

8    55.    By the acts complained of above, TIBC breached the covenant of good faith and

9    fair dealing related to the contract between TIBC and IBA for enrolling class action members via

10   FRS for the Merchant Class Action.  As a result, Plaintiff has suffered monetary damages in an

11   amount to be proven at trial.

**COUNT V (AGAINST TIBC)**
**QUANTUM MERUIT**

14   56.    IBA incorporates by reference all of the foregoing allegations

15   57.    A contract implied in fact exists between TIBC and IBA, as evidenced by the

16   parties' course of dealings and communications with each other.

17   58.    IBA expects payments for its services rendered to TIBC, including, without

18   limitation, any and all services deemed to be outside of the Independent Contractor Agreement

19   and the FRS Contract.

20   59.    IBA is entitled to recover the reasonable value of the services it has provided to

21   TIBC.

**COUNT VI (AGAINST RAGER AND THE HONOHAN DEFENDANTS)**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

24   60.    Plaintiff IBA incorporates by reference all of the foregoing allegations.

25   61.    IBA had an established business relationship with Defendant TIBC.

26   / / /

COMPLAINT - 11

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    62.    Rager and the Honohan Defendants willfully and knowingly interfered with or

2    attempted to interfere with, IBA's business relationship with Defendant TIBC.

3    Defendants' interference has included wrongful attempts to divert business to Defendants, and to

4    persuade, and conspire with, TIBC, to discontinue business relations with IBA.

5    63.    Defendants' unjustified and improper interference with IBA's business relations

6    and expectancies has caused and will continue to cause  IBA damages in an amount to be proven

7    at trial.

8          **COUNT VII (AGAINST RAGER AND THE HONAHAN DEFENDANTS)**
9          **BREACHES OF DUTY OF LOYALTY AND FIDUCIARY DUTIES**

10   64.    IBA incorporates by reference all of the foregoing allegations.

11   65.    Defendant Rager's and the Honohan Defendants' conduct while an owner of,

12   agent, representing, employed by, and/or contracting with IBA, including conspiring with

13   Defendant TIBC to destroy IBA's business, constitutes a breach of the duty of loyalty owed by

14   an employee to his employer.

15   66.    As agents, high-level employees and managers, Rager and the Honohan

16   defendants owed fiduciary duties to IBA that were also breached by their conduct.

17   67.    As a co-owner of IBA, the Honohan Defendants owed fiduciary duties to IBA that

18   were also breached by their conduct.

19   68.    As a direct result of such breaches, IBA has sustained, and will continue to

20   sustain, damages in an amount to be proven at trial.

21         **COUNT VIII (AGAINST ALL DEFENDANTS)**
22         **COMPUTER FRAUD AND ABUSE ACT**

23   69.    IBA incorporates by reference all of the foregoing allegations.

24   70.    On behalf of all Defendants, Rager and Honohan accessed without authorization,

25   or exceeded authorized access of IBA's computers and computer systems which are involved in

26   interstate and foreign commerce and communication and thereby obtained, communicated and

COMPLAINT - 12

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1  deleted information, including information regarding IBA's contractual dealings with TIBC, and

2  the identities of merchants IBA through its efforts had helped enroll in the FRS Merchant Class

3  Action.

4       71.    Defendants acted knowingly and with intent to harm and defraud caused damage

5  and loss to IBA in excess of $5,000 by deleting data, and obtaining and transmitting to TIBC

6  information, which they were not entitled to obtain and transmit.

7       72.    Under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, IBA is entitled to

8  damages and other legal and equitable relief, plus its attorney's fees.

9
10
**COUNT IX (AGAINST ALL DEFENDANTS)**
**FRAUDULENT MISREPRESENTATION**

11       73.    IBA incorporates by reference all of the foregoing allegations.

12       74.    IBA acted, at all times, in reliance on TIBC's, Toney's and the Honohan

13  Defendant's assurances that IBA and Paul Compton were at all times acting appropriately and

14  pursuant to TIBC's and Toney's instructions with regard to enrolling merchants in the Merchant

15  Class Action for FRS.

16       75.    Toney and TIBC subsequently feigned surprise in late March of 2014 when Paul

17  Compton attempted to enroll a merchant in the Merchant Class Action using the same

18  methodology instructed, and condoned, by Toney and Honohan.

19       76.    IBA acted in reliance on Defendant Rager's statements that she was going to

20  accept a 7.5% ownership of IBA going forward, and Rager's subsequent actions to make Paul

21  Compton believe nothing was amiss.

22       77.    After learning that Defendants Rager and Honohan had met secretly in Austin,

23  Texas with Toney, Paul Compton, on IBA's behalf, spoke with Rager and Honohan about his

24  concerns that they might be conspiring to do business with Toney and TIBC without him or IBA.

25  IBA relied on Rager's and Honohan's statements.  Rager and Honohan lied to Paul Compton and

26  denied any such plan or intent.

COMPLAINT - 13

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    78.    When Defendants made their statements of assurances about IBA and various

2    aspects of the IBA-TIBC relationship, they knew these statements were false.  Defendants made

3    these statements intending to deceive IBA about their true intentions, and to cause IBA to rely on

4    their statements and not act against them before they could further harm IBA and cut it out of the

5    IBA-TIBC contract and the Merchant Class Action FRS contract.

6    79.    IBA did not know that Defendants' statements were false. IBA justifiably relied

7    on Defendants' statements, to its detriment.  Defendants' statements were material in causing

8    IBA to trust that Defendants would honor their contractual and other obligations to IBA,

9    including Rager's and the Honohan Defendants' duties of loyalty and fiduciary duties.

10    80.    Had Defendants truthfully advised Paul Compton of Defendants' conduct as soon

11    as possible, IBA could have taken corrective action to preserve business and its information

12    systems.  It was only after Defendant Toney feigned surprise in late March of 2014 about how a

13    merchant was enrolled in the Merchant Class Action, and shortly thereafter set up a "Go To"

14    video meeting to "suspend" IBA, that IBA had definitive knowledge of Defendants' wrongful

15    conduct.

16    81.    Because IBA relied upon Defendants' representations and promises, it has

17    suffered damages and loss, and will continue to lose fees and profits, in an amount to be proven

18    at trial.

19                    **COUNT X (AGAINST ALL DEFENDANTS)**
20                    **NEGLIGENT MISREPRESENTATION**

21    82.    IBA incorporates by reference all of the foregoing allegations.

22    83.    Defendants' actions constitute negligent misrepresentation.

23    84.    IBA has suffered damages in an amount to be proven at trial as a result of

24    Defendants' actions.

25    / / /

26    / / /

COMPLAINT - 14

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1        **COUNT XI (AGAINST ALL DEFENDANTS)**
**UNFAIR BUSINESS PRACTICES IN VIOLATION OF RCW 19.86.010 ET SEQ.**
2

3        85.      IBA incorporates by reference all of the foregoing allegations.

4        86.      Defendants' acts, alleged above, constitute an unfair method of competition under

5    Washington's Consumer Protection Act (the "Act"), RCW Chapter 19.86.020.

6        87.      Defendant's unfair method of competition occurred in trade or commerce and

7    caused injury to IBA's business, including the loss of fees and profits.

8        88.      As a result of Defendants' unfair business practices, IBA has been damaged in

9    amounts to be proven at trial.

10       89.      Pursuant to RCW § 19.86.090, IBA is entitled to ascertainable damages, its costs

11   of suit including attorney's fees, and treble damages.

12       **COUNT XII (AGAINST ALL DEFENDANTS)**
**COMMON LAW UNFAIR COMPETITION**
13

14       90.      IBA incorporates by reference all of the foregoing allegations.

15       91.      Defendants' conduct constitutes common law unfair competition.  This includes,

16   but is not limited to, all acts alleged related to the Merchant Class Action and FRS.

17       92.      As a direct result of Defendants' unfair competition, IBA has been damaged in

18   amounts to be proven at trial.

19       **COUNT XIII (AGAINST ALL DEFENDANTS)**
**CIVIL CONSPIRACY**
20

21       93.      IBA incorporates by reference all of the foregoing allegations.

22       94.      Defendants entered into an agreement to deprive IBA and did deprive IBA of the

23   benefits of its contractual and common law rights, with the intent to injure IBA in its business.

24       95.      As a result of the conspiracy by and among Defendants, IBA has been damaged

25   and will continue to be damaged in its business, in amounts to be proven at trial.

26   / / /

COMPLAINT - 15

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

**COUNT XIV (AGAINST ALL DEFENDANTS)**
**ACCOUNTING**

96.     IBA incorporates by reference all of the foregoing allegations.

97.     As a result of the illegal and wrongful conduct alleged above, Defendants have acted in an unfair and unlawful manner, and altered, destroyed, converted and/or misused IBA's property, including with regard to IBA's computer systems and stored data such that IBA is entitled to equitable relief in the form of an accounting from Defendants to determine the nature and extent of its injuries and to disgorge Defendants from any profits or revenue made from its unlawful acts (including all merchants enrolled through FRS or otherwise in the Merchant Class Action).

**COUNT XV (AGAINST ALL DEFENDANTS)**
**UNJUST ENRICHMENT**

98.     IBA incorporates by reference all of the foregoing allegations.

99.     By virtue of Defendants' scheme, Defendants have been, and will be, unduly enriched by Defendants' ill-gotten gains and should be disgorged of any such benefit. IBA is entitled to a constructive trust for the fees and profits from enrollments in the Merchant Class Action that were, or should have been, placed with IBA, as well as any other relief the court deems appropriate.

100.     Defendants' unjust enrichment has damaged IBA in an amount to be proven at trial.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff IBA respectfully requests that this Court grant judgment in its favor and order the following relief:

A.     An award of compensatory damages in an amount to be proven at trial;

B.     An award of treble damages pursuant to RCW § 19.86.090;

C.     An accounting;

COMPLAINT - 16

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    D.    Disgorgement of profits;

2    E.    All of Plaintiff's fees and costs in this action, including reasonable attorneys' fees

3 and expenses pursuant to RCW § 19.86.090 and 18 U.S.C. § 1030 et. seq.;

4    F.    Prejudgment interest as established by law as allowed on all of the above; and

5    G.    Any such further relief as the Court shall deem proper.

6

7    DATED this 30th day of May, 2014

8

9                                              Respectfully submitted,

10

11       _s/ James M. Shore_____
         James M. Shore, WSBA No. 28095
12       Stoel Rives LLP
         600 University Street, Suite 3600
13       Seattle, WA 98101
         Telephone: (206) 624-0900
14       Email: jmshore@stoel.com

15       _s/ Alyson L Palmer_____
         Alyson Palmer, WSBA No. 46916
16       Stoel Rives LLP
         600 University Street, Suite 3600
17       Seattle, WA 98101
         Telephone: (206) 624-0900
18       Email: alpalmer@stoel.com

19

20

21

22

23

24

25

26

COMPLAINT - 17

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900